WILLIAM H. HILDRETH et al.

v.

DAVID HANCOCK.

*Filed at Springfield June 13, 1895.*

INSTRUCTIONS—*when not erroneous, as summing up facts.* An instruction that the mere fact that defendant is a minor will not excuse him from liability for damages if he made an assault upon plaintiff, "as charged in the declaration," or that if two of the defendants struck and beat plaintiff, as alleged in the declaration, without any sufficient provocation, thereby injuring him, the jury should find for plaintiff as to them, is not erroneous, as summing up the facts.

*Hildreth* v. *Hancock,* 55 Ill. App. 572, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Vermilion county; the Hon. FERDINAND BOOK-WALTER, Judge, presiding.

LAWRENCE & LAWRENCE, and PALMER, SHUTT, DRENNAN & LESTER, for appellants.

SALMANS & DRAPER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee obtained a judgment against appellants, jointly, for $1300, in the circuit court of Vermilion county, in an action of trespass, for an assault and battery. On appeal the Appellate Court affirmed the judgment. (See 55 Ill. App. 572.) It seems that the only grounds of reversal considered by the Appellate Court were, that the verdict was not supported by the evidence and the damages were excessive. The same arguments filed there are submitted here, and also an original reply brief on behalf of appellants.

In the Appellate Court argument it is suggested, rather than insisted upon, that the trial court erred in admitting

and excluding evidence. We do not deem it necessary to say more on this point than that we find no prejudicial error in that regard.

It is contended that the fourth, fifth, seventh and eighth instructions given on behalf of the plaintiff do not correctly state the law of the case. The seventh and eighth are to the effect that if one of the defendants committed the assault upon plaintiff, as charged in the declaration, and the others, or either of them, aided, advised, abetted or encouraged such assault, the jury should not only find the one making the assault guilty, but also those so aiding, abetting, etc. It is not denied that they correctly announce the law, but it is insisted there is no evidence in the record against William Hildreth upon which to base them. With this position we do not agree. Whether the evidence justified the verdict of guilty against all the defendants, jointly, is not an open question in this court and has not been considered; but we do not think it can be seriously contended that there is no evidence tending to connect all the parties with the assault which one of them admittedly committed, the only contention as to him being, that he did so in self-defense.

The criticism made upon the fourth and fifth is, that they unfairly sum up facts favorable to plaintiff and ignore those relied upon as justifying the assault. The fourth simply tells the jury that a minor is liable in damages for torts committed by him, and that if A. K. Hildreth, a minor, "committed an assault upon the plaintiff, *as charged in the declaration, then the mere fact that he is a minor will not excuse him* from liability for damages for such assault," etc. The fifth, that if two of the defendants struck and beat the plaintiff, as alleged in the declaration, without any sufficient provocation therefor, and the plaintiff was injured thereby, they should find the issue for the plaintiff as to such defendants. We are unable to see wherein either attempts to sum up the facts

or is misleading. The instructions given in the case, considered as a whole, were fair to the defendants, and even more favorable to them than the law would justify.

There are no errors of law in the record, and the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*